UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

GLENN A. SCOTT,

               Plaintiff,         1:17-cv-00468-MAT
    -v-                                    **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

               Defendant.
_____

## INTRODUCTION

Glenn A. Scott ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On February 28, 2013, Plaintiff protectively filed for DIB, alleging disability beginning April 1, 2011. Administrative Transcript ("T.") 92-93. The claim was initially denied on May 31,

2013, and Plaintiff timely requested a hearing. T. 101-14. On November 17, 2014, a hearing was conducted in Buffalo, New York by administrative law judge ("ALJ") Stephen Cordovani. T. 32-91. Plaintiff appeared with his attorney and testified. An impartial vocational expert ("VE") also testified.

The ALJ issued an unfavorable decision on May 5, 2015. T. 7-20. Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. T. 30-31. The Appeals Council denied Plaintiff's request for review on April 26, 2017, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2012. T. 12.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of April 1, 2011 through his date last insured of September 30, 2012. T. 18.

At step two, the ALJ determined that Plaintiff suffered from the "severe" impairments of spine disorder, depression, and pain in both feet and the left knee. *Id*. The ALJ also determined that Plaintiff's medically determinable impairment of diabetes mellitus

was non-severe and created no significant work-related functional limitations. *Id*. The ALJ further found that although there was some evidence in the record Plaintiff suffered from insomnia, left hand, right knee, and bilateral ankle impairments, there was not enough evidence to find they were medically determinable impairments. T. 12-13.

At step three, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 13.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), with the following additional limitations: no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs, balancing, kneeling, crouching, and crawling; no work around unprotected heights, or around heavy, moving, or dangerous machinery; no work in extreme heat or cold, or wet or damp conditions; no supervisory duties; able to understand, remember, and carry out simple instructions and tasks; able to frequently interact with co-workers, supervisors, and the public. T. 14.

At step four, the ALJ determined that Plaintiff was able to perform his past relevant work as a bookbinder and a conveyor feeder. T. 17. The ALJ accordingly found that Plaintiff was not

3

disabled as defined in the Act and did not proceed to step five. *Id.*

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand of this matter is warranted because: (1) the ALJ failed to consider his medically required use of a cane under Social Security Regulation ("SSR") 96-9p (S.S.A.), 1996 WL 374185 (July 2, 1996); (2) the ALJ erred in substituting his own judgment for that of a physician; and (3) the ALJ failed to properly evaluate the opinion of physician's assistant Michael Rudzinski. For the reasons discussed below, the Court finds the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician's assistant and failed to consider Plaintiff's use of a cane in determining Plaintiff's RFC. Accordingly, the Court finds that remand of this matter for further administrative proceedings is required.

### I. Failure to Properly Evaluate the Opinion of Physician's Assistant Michael Rudzinski

On June 28, 2012, physician's assistant ("PA") Michael Rudzinski completed a Disability Benefits Questionnaire as part of Plaintiff's application for disability benefits through the U. S. Department of Veterans Affairs ("VA"). T. 268-99. The questionnaire focused on Plaintiff's ankle condition (T. 268-78), foot condition (T. 278-86), and knee and lower leg condition (T. 287-99). In the questionnaire, PA Rudzinski reported Plaintiff had limited flexion of both the right and left ankle (T. 269) with functional loss and/or functional impairment due to pain on movement and less than normal movement in both ankles (T. 271). PA Rudzinski reported

Plaintiff's ankles were swollen bilaterally and that he used a cane as an assistive device for a normal mode of transportation. T. 276. PA Rudzinski opined Plaintiff's ankle condition impacted his ability to work by limiting his ability to perform prolonged standing. T. 278.

Regarding Plaintiff's foot condition, PA Rudzinski noted Plaintiff had the diagnoses of metatarsalgia and hammer toes affecting both feet. T. 279-80. PA Rudzinski also noted Plaintiff had bilateral feet calluses, tenderness of the left and right midfoot and forefoot, and swelling at the first MTP joint bilaterally. T. 284. He further noted Plaintiff's use of a cane and that imaging studies showed degenerative or traumatic arthritis in both of Plaintiff's feet. T. 285-86.

Regarding Plaintiff's knee and lower leg condition, PA Rudzinski noted Plaintiff was diagnosed with knee strain of both knees. T. 287. PA Rudzinski noted limited flexion of both knees, with pain. T. 288-90. Plaintiff was unable to perform repetitive-use testing with three repetitions due to pain and safety. T. 290. Again, PA Rudzinski noted Plaintiff's use of a cane and opined Plaintiff's condition caused Plaintiff to have a limited ability to perform prolonged standing. T. 297-99.

In his decision, the ALJ gave PA Rudzinski's questionnaire statements little weight, noting it was "unclear who rendered these opinions or if they are an acceptable medical source." T. 16. The ALJ also reasoned the opinion lacked any supporting evidence or

6

explanation. Furthermore, he found "prolonged standing" to be a vague limitation. Finally, the ALJ found that the opinion was entitled to little weight because it was based on VA disability criteria rather than the standards established by the SSA. *Id*. He also added that "the restriction against 'prolonged standing' is arguably consistent with the ability to perform a range of light level work". *Id*. For the following, the Court finds these reasons fail to stand up to scrutiny.

### A. "Acceptable Medical Sources" and "Other Sources"

As a threshold matter, the Court notes that "[w]hile an ALJ may consider evidence from a PA, such a source is not an 'acceptable medical source' and therefore cannot constitute a 'treating source.'" *Evans v. Colvin*, 649 F. App'x 35, 38 (2d Cir. 2016) (citing 20 C.F.R. §§ 404.1502, 404.1513(d)(1)). Accordingly, "an ALJ is not required to defer to such a source under the source rule, but merely consider that opinion as with any other probative evidence." *Id*. at 39 (citing *Kohler v. Astrue*, 546 F.3d 260, 268-69 (2d Cir. 2008)). Nonetheless, opinions from such "other" sources must be considered by the adjudicator, as the regulations require the Commissioner to "consider all relevant evidence in the case record when [making] a determination or decision about wether [an] individual is disabled." SSR 06-03p, 2006 WL 2329939, at *4 (S.S.A. Aug. 9, 2006). Notably, SSR 06-03p explains:

> [w]ith the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed

7

>clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

*Id.* at \*3. This direction becomes even more relevant in cases, such as here, where the other source's opinion is the only substantive opinion of record.

In this case, the ALJ claimed the author of the VA questionnaire was unclear. T. 16. However, as Plaintiff points out, a review of the questionnaire shows it was signed by PA Rudzinski on June 29, 2012, following Plaintiff's June 28, 2012 examination by PA Rudzinski. T. 299. As noted above, because the opinion was not rendered by an "acceptable medical source", the ALJ was not required to defer to it in the same way he would be required to defer to the opinion of a treating physician. *Evans*, 649 F. App'x at 39. Nonetheless, the ALJ was required to consider its value. *See* SSR 06-03p.

    **B.    PA Rudzinski's Opinion is Supported by Medical Evidence**

The ALJ further determined that PA Rudzinski's opinion had no supporting evidence. This conclusion by the ALJ is unsupported by the record. The questionnaire completed by PA Rudzinski contains the results of several functional tests indicating Plaintiff had limited flexion in his ankles and knees (*see* T. 269, 271, 288-90) and referenced diagnostic imaging that showed degenerative or

8

traumatic arthritis in Plaintiff's feet (*see* T. 285-86). Where an ALJ incorrectly asserts that an opinion is unsupported by medical evidence, remand is warranted. *See Ryan v. Astrue*, 5 F. Supp. 3d 493, 510 (S.D.N.Y. 2014) (ALJ erred in rejecting opinion of examining source in part because he incorrectly stated that there were no treatment notes supporting the opinion).

**C. Vagueness of the Term "Prolonged Standing"**

The ALJ also objected to PA Rudzinski's use of the term "prolonged standing" as unduly vague. Plaintiff argues this should have prompted the ALJ to recontact PA Rudzinski for clarification, particularly because PA Rudzinski's opinion was the only substantiative opinion of record. The Court agrees.

"The law is clear beyond cavil that where, as here, a treating physician's opinion is found by the ALJ to be vague or unclear, it is incumbent on the ALJ to recontact the treating physician for clarification of his or her opinion." *Heidrick v. Berryhill*, 312 F. Supp. 3d 371, 374 (W.D.N.Y. 2018) (quoting *Isernia v. Colvin*, No. 14-CV-2528(JEB), 2015 WL 5567113 at *10 (E.D.N.Y. Sept. 22, 2015)); *see also Delgado v. Berryhill*, No. 3:17-CV-54(JCH) 2018 WL 1316198 at *11-12 (D. Conn. Mar. 14, 2018) (rather than rejecting a treating physician's opinion for vagueness, the ALJ should have recontacted the physician). While these cases dealt with treating physicians, rather than a treating physician's assistant as in this case, the same concerns that required remand therein (namely, the ALJ's fundamental duties to develop the record and make a decision

9

based on substantial evidence) are present here. Indeed, the Commissioner's regulations indicate that the ALJ may recontact any "medical source" where the evidence of record is incomplete or inconsistent, including where the evidence is "ambiguous." *See* 20 C.F.R. § 404.1520b(b)(2)(i)[1]; *see also Bauer v. Comm'r of Soc. Sec. Admin.,* No. 16-CV-729, 2018 WL 4181769, at *5 (W.D.N.Y. Aug. 31, 2018) (finding that ALJ erred in failing to recontact occupational therapist where his opinion was ambiguous).

In this case, the ALJ made no attempt to obtain clarification on PA Rudzinski's meaning of "prolonged standing", opting instead to entirely omit any standing limitation from the RFC finding. This failure to obtain clarification is critical because PA Rudzinski's opinion concerning limitations specifically relates to Plaintiff's primary complaints of foot and knee pain. Additionally, and as noted above, PA Rudzinski's opinion was the only substantive medical opinion of record in this case. Under these circumstances, the Court finds that the failure to recontact PA Rudzinski for clarification warrants remand.

### D. Disability Criteria

The ALJ also noted PA Rudzinski's opinion was based on VA disability criteria, and thus conclude it should not be afforded

---

[1] The Court notes that a March 26, 2012 update to 20 C.F.R. § 404.1512 removed a mandatory requirement to recontact a treating physician under particular circumstances. However, although this change "reduce[d] the situations in which an ALJ must recontact medical providers," *Rolon v. Comm'r of Soc. Sec.*, 994 F. Supp. 2d 496, 505 (S.D.N.Y. 2014)(internal quotation omitted), it did not eliminate it, *id.* ("the modifications [to the regulation] do not substantively change the ALJ's obligations") (internal quotation omitted).

more than limited weight. T. 16. However, it is well-established that "[w]hile the determination of another governmental agency that a social security disability benefits claimant is disabled is not binding on the Secretary, it is entitled to some weight and should be considered." *Barrett v. Astrue*, No. 10-CV-618S, 2012 WL 895961, at *5 (W.D.N.Y. Mar. 15, 2012) (remanding where the VA's disability determination was not clearly given some independent weight by the ALJ). Moreover, in this case, PA Rudzinski's opinion, while issued in the context of a VA disability claim, did not focus on whether Plaintiff was disabled, but rather made the well-supported finding that Plaintiff would be limited in his ability to perform prolonged standing due to his documented foot, ankle, and knee impairments. Accordingly, the Court finds that the ALJ failed to provide an appropriate, supported rationale for the weight afforded to PA Rudzinski's opinion, and that remand of this matter for further administrative proceedings is therefore warranted.

**E.    Prolonged Standing and the RFC Finding**

Finally, in discounting PA Rudzinski's opinion, the ALJ reasoned that a "restriction against 'prolonged standing' is arguably consistent with the ability to perform a range of light level work as described [in the RFC finding]." T. 16. The Court finds that this statement by the ALJ is insufficient to explain the weight given to PA Rudzinski's opinion. The Commissioner's regulations describe light work as requiring "a good deal of walking or standing, or . . . sitting most of the time with some

pushing and pulling of arm or leg controls." C.F.R. § 404.1567(b). Case law in this Circuit is not uniform concerning whether a claimant who has difficulties in prolonged standing is capable of performing light work. *Compare Malone v. Comm'r of Soc. Sec.*, No. 08-CV-1249(GLS/VEB), 2011 WL 817448, at *10 (N.D.N.Y. Jan. 18, 2011) (consultative examiner's assessment that claimant had moderate limitation with respect to prolonged standing and sitting "suggests a possibility that prolonged standing might pose a problem;" the ALJ's assessment that claimant could perform light work thus was not supported by the record) *report and recommendation adopted*, 2011 WL 808378 (N.D.N.Y. Mar 2, 2011) *with Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014) ("several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing") (internal citations omitted).

In this case, and as discussed above, the ALJ acknowledged that it was not clear what PA Rudzinski meant by "prolonged standing." Without further clarification as to what Plaintiff's limitations actually are, the Court is unable to determine whether the ALJ adequately accounted for those limitations in the RFC finding. *See Moe v. Colvin*, No. 1:15-cv-00347(MAT), 2017 WL 6379239, at *7 (W.D.N.Y. Dec. 14, 2017) (remanding for clarification from consultative physician on their ambiguous phrase "prolonged walking or [sic] climbing" and advising that on remand,

12

the ALJ may need to reformulate the RFC assessment so as to include unscheduled breaks based on the clarification). Accordingly, remand of this matter for further administrative proceedings is warranted. On remand, the ALJ is instructed to consider PA Rudzinski's opinion in a manner consistent with the Commissioner's regulations including, if necessary, recontacting PA Rudzinski and obtaining clarification of his use of the term "prolonged standing."

**II. Failure to Consider Plaintiff's Use of a Cane**

Plaintiff also contends the ALJ failed to properly consider Plaintiff's use of a cane under SSR 96-9p and further erred when he failed to give sufficient reasons for excluding Plaintiff's use of a cane in the RFC finding. For the reasons discussed below, the Court agrees.

Pursuant to SSR 96-9p, in order to find that a hand-held assistive device, such as a cane, is medically required, the record must contain medical documentation establishing the need for the device to aid in walking or standing. Furthermore, the documentation must describe the circumstances for which it is needed (i.e., all the time, periodically, or only in certain situations; distance and terrain; and other relevant information). *See* SSR 96-9p, 1996 WL 374185, at *7. When use of a hand-held assistive device is medically required, the ALJ must consider its impact on the claimant's RFC. Failure to do so warrants remand. *See Wright v. Colvin*, No. 6:13-cv-0685(MAT), 2015 WL 4600287, at *4-5 (W.D.N.Y. July 29, 2015) (remanding where the ALJ failed to

13

properly consider the medical necessity of plaintiff's use of a cane).

At the hearing, Plaintiff testified he was prescribed a cane by Susan Zakrzewski, his treating nurse practitioner at Veteran's Affairs Medical Center ("VAMC"), and he had been using it for "a couple of years." T. 46. In the Disability Benefits Questionnaire discussed in detail above, PA Rudzinski confirmed Plaintiff used a cane as a "normal mode of locomotion" for his "foot, knees, and ankle condition." T. 276, 299.

In his decision, the ALJ made passing mention of Plaintiff's use of a cane, noting the questionnaire described Plaintiff "using a cane on an occasional basis." T. 15 referring to T. 285. The ALJ made no further mention of Plaintiff's cane in the decision, failing to include either an explicit finding as to whether the cane was medically required or any accommodations related to Plaintiff's cane use in the RFC finding.

The Court finds the ALJ's discussion of Plaintiff's use of the cane inadequate. *See Rowe v. Berryhill*, No. 1:17-CV-00208-MAT, 2018 WL 4233702, at *4 (W.D.N.Y. Sept. 6, 2018) (remanding where ALJ failed to properly consider whether Plaintiff's use of a cane was medically required). On remand, the ALJ is instructed to properly evaluate Plaintiff's use of a cane based on the requirements set forth in SSR 96-9p and, as necessary, incorporate any associated limitations into the RFC finding.

### III. Plaintiff's Remaining Argument

Finding remand necessary for the reasons explained above, the Court need not and does not reach Plaintiff's remaining argument concerning the ALJ substituting his own judgement for that of a physician.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 16) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 20) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:    September 17, 2018
          Rochester, New York